**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ajay Kumar, ) | No. CV-05-4161-PHX-DGC (BPV) |
| Petitioner, ) | **ORDER** |
| v. ) | |
| Phillip Crawford, ) | |
| Respondent. ) | |

Pending before the Court are Petitioner Ajay Kumar's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and United States Magistrate Judge Bernardo P. Velasco's Report and Recommendation ("R&R"). Dkt. ##1, 14. The R&R recommends that the Court deny the petition. Dkt. #14 at 7. Petitioner has filed an objection to the R&R. Dkt. #15. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.     Background.**

Petitioner is an Indian citizen who arrived in the United States on March 20, 2001 without valid entry documentation. Dkt. #14 at 2. Petitioner was ordered removed in absentia after he failed to attend his removal hearing on July 25, 2002. *Id.* Petitioner has been in Department of Homeland Security custody since his arrest on July 16, 2005, and he is currently confined at the Immigration Service Processing Center in Florence, Arizona. *Id.*

On August 23, 2005, Deportation Officer ("DO") Tracy Miranda-Binkley met with

1 Petitioner and requested that he complete an Indian travel document application. *Id.*
2 Petitioner filled out the application, but left several items blank or incomplete. *Id.* A
3 Decision to Continue Detention letter was issued on February 7, 2006, which indicated that
4 Petitioner was advised that copies of documents that could verify his identity, citizenship,
5 and/or nationality such as a birth certificate or passport would be needed from Petitioner or
6 his family. *Id.* at 6. There is no evidence Petitioner cooperated in obtaining such documents.
7 *Id.* at 7.

8 Petitioner alleges that he is entitled to immediate release because he is being
9 indefinitely detained with no prospect that his removal to India will be effected in the
10 reasonably foreseeable future, in violation of federal law. *See Zadvydas v. Davis*, 533 U.S.
11 678, 701 (2001). On September 12, 2006, Magistrate Judge Velasco issued the R&R,
12 recommending that the Court deny the petition because Petitioner cannot meet his burden of
13 showing that there is no significant likelihood of removal in the reasonably foreseeable
14 future. Dkt. #14 at 7.

15 **II.    Discussion.**

16 Federal Rule of Civil Procedure 72(b) provides that "a party may serve and file
17 specific written objections to the proposed findings and recommendations" of the magistrate
18 judge. Fed. R. Civ. P. 72(b). The rule further provides that the district judge "shall make a
19 de novo determination . . . of any portion of the magistrate judge's disposition to which
20 specific written objection has been made[.]" *Id.*

21 Petitioner's sole ground for relief is that the United States government is not able to
22 obtain a travel document for Petitioner's deportation and the Indian government would not
23 accept Petitioner as a deportee. The Magistrate Judge concluded that there is no evidence
24 Petitioner cooperated in obtaining the requested travel documents, nor did Petitioner assert
25 that he cooperated with officials to secure travel documents; therefore, Petitioner did not
26 meet his burden of showing that there is no significant likelihood of removal in the
27 reasonably foreseeable future. Dkt. #14 at 7; *see Lema v. INS*, 341 F.3d 853, 856-57 (9th Cir.
28 2003) ("[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel

1 documents from a foreign government, the alien cannot meet his or her burden to show there
2 is no significant likelihood of removal in the reasonably foreseeable future."); *Pelich v. INS*,
3 329 F.3d 1057, 1061 (9th Cir. 2003) ("[A]n alien cannot assert a viable constitutional claim
4 when his indefinite detention is due to his failure to cooperate with the INS's efforts to
5 remove him."). Petitioner alleges in his objection that he "provided the information [to] the
6 best of his knowledge about his identity," and questions how he could "provide his Indian
7 driver[']s license or election card" while being detained. Dkt. #15 at 1. While Petitioner
8 asserts in his objection that he has cooperated with officials by providing information about
9 his identity, he offers no evidence of cooperation in securing the requested travel documents
10 described in the February 7, 2006 Decision to Continue Detention letter. The Petition and
11 objection fail to demonstrate that Petitioner has cooperated fully and honestly with officials
12 to secure travel documents; thus, he cannot meet his burden to show there is no significant
13 likelihood of removal in the reasonably foreseeable future. The Court will accept the R&R
14 in this regard.

15 Petitioner contends in his objection that "[t]he Magis[t]rate Judge erred to [find] DO
16 Miranda-Binkley[] credibl[e]." Dkt. #15 at 2. Petitioner claims that he never refused to
17 cooperate, as DO Miranda-Binkley contended in her affidavit, and he has had no contact with
18 her since August 23, 2005. *Id.* But the R&R did not rely on DO Miranda-Binkley's affidavit
19 in concluding that Petitioner failed to meet his burden.[1] Instead, the R&R rests its
20 recommendation on the February 7, 2006 Decision to Continue Detention letter and the lack
21 of any subsequent evidence that Petitioner cooperated in obtaining the requested documents.
22 Dkt. #14 at 6-7.

---

[1] The R&R found that "[t]here is no statement in [DO Miranda-Binkley's a]ffidavit that would support an assertion that Respondent has reason to believe that Petitioner is lying about his statements concerning his passport, . . . or that Respondent has reason to believe that Petitioner is able but unwilling to provide the office with additional information or documents and what these additional information or documents might in fact be." Dkt. #14 at 6.

- 3 -

In his objection, Petitioner advances for the first time the argument that he "is not the only India[n] detainee in the [Florence Detention] Center[] Respondent could not obtain[] any travel document[s] for . . . . [w]hich was [] strong evidence that [] there is no significant likelihood of removal in the reasonably fore[see]able future and continued detention is unreasonable and no longer authorized by statute." Dkt. #15 at 2. The Ninth Circuit has held that a district court need not consider arguments raised for the first time in an objection to a recommendation. *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."). The Court could decline to consider Petitioner's objection because he had a previous opportunity to raise this argument, but failed to do so. Nevertheless, Petitioner's new argument fails on its merits because the status of other detainees does not establish whether there is no significant likelihood of removal in the reasonably foreseeable future for Petitioner. Moreover, Petitioner presents no evidence that there is no significant likelihood of removal in the reasonably foreseeable future for the other Indian detainees.

**IT IS ORDERED:**

1. Magistrate Judge Velasco's R&R (Dkt. #14) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.
3. The Clerk shall **terminate** this action.

DATED this 25th day of October, 2006.

_____
David G. Campbell
United States District Judge